1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SIMON F. RANTEESI,                    No.  2:13-cv-2132 GEB CKD P

12              Petitioner,

13       v.                              FINDINGS AND RECOMMENDATIONS

14  GARY SWARTHOUT,

15              Respondent.

16

17          Petitioner is a California state prisoner proceeding pro se with a petition for writ of habeas

18  corpus under 28 U.S.C. § 2254.  He challenges the revocation of 360 days good conduct sentence

19  credit pursuant to prisoner disciplinary proceedings.

20  I.  Background

21          Petitioner is in the custody of the California Department of Corrections and Rehabilitation

22  (CDCR) and is housed in CSP-Solano.  In March 2011, petitioner was involved in an altercation

23  with his cellmate which resulted in a revocation of 360 days of good time credits.  (ECF No. 1 at

24  40-43).  Officers responded to a call at petitioner's cell to find petitioner's cellmate--Murcia--

25  bleeding "from wounds to his head."  (ECF No. 1-1 at 104).  Both inmates were subsequently

26  housed in administrative segregation, pending investigation into the incident.  (ECF No. 1 at 98).

27  Based on the wounds sustained by Murcia, petitioner was found guilty of battery causing serious

28  bodily injury.  (ECF No. 1 at 43).

1

Petitioner filed a habeas action in the Solano County Superior Court in January 2013, contending his due process rights were violated during prisoner disciplinary proceedings because adequate evidence of his guilt was not presented.  (ECF No. 18-1 at 1).  The Superior Court found that petitioner had failed to prove his due process rights were violated and denied his petition.  (ECF No. 18-4).  A second habeas petition was summarily denied by the California Court of Appeal.  (ECF No. 18-8 at 2).  The California Supreme Court summarily denied a third petition.  (ECF No. 18-8 at 35).

II.  Standard For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a).  Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

2

1  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law

2  set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

3  fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

4          The court will look to the last reasoned state court decision in determining whether the

5  law applied to a particular claim by the state courts was contrary to the law set forth in the cases

6  of the United States Supreme Court or whether an unreasonable application of such law has

7  occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

8          When a state court rejects a federal claim without addressing the claim, a federal court

9  presumes the claim was adjudicated on the merits, in which case § 2254(d) deference is

10  applicable.  Johnson v. Williams, 133 S. Ct. 1088, 1096 (2013).  This presumption can be

11  rebutted.  Id.

12          It is appropriate to look to lower federal court decisions to determine what law has been

13  "clearly established" by the Supreme Court and the reasonableness of a particular application of

14  that law.  "Clearly established" federal law is that determined by the Supreme Court.  Arredondo

15  v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to

16  lower federal court decisions as persuasive authority in determining what law has been "clearly

17  established" and the reasonableness of a particular application of that law.  Duhaime v.

18  Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003),

19  overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at

20  782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court

21  precedent is misplaced).

22  III.  Arguments And Analysis

23          Petitioner asserts a number of violations of law arising from the disciplinary proceedings

24  at issue.  However, petitioner's rights arising under federal law concerning prison disciplinary

25  proceedings which result in the loss of good conduct sentence credit are, generally speaking,

26  limited to the following:

27  /////

28  /////

3

1        1)  Advance written notice of the charges;

2        2)  An opportunity, when consistent with institutional safety and correctional goals, to call

3    witnesses and present documentary evidence in their defense;

4        3)  A written statement by the fact-finder of the evidence relied on and the reasons for the

5    disciplinary action; and

6        4)  That the findings of the prison disciplinary board be supported by some evidence in the

7    record.

8    Superintendent v. Hill, 472 U.S. 445, 454 (1985).

9        Petitioner does not dispute that he received advanced written notice of the charges or a

10   written statement detailing the evidence against him.  Petitioner called a number of witnesses at

11   the hearing, one of which testified verbally and the rest answered questions in writing which

12   petitioner prepared before his hearing.  (ECF No. 18-1 at 35).

13       Also, the disciplinary hearing officer's findings are supported by some evidence in the

14   record that petitioner did commit battery causing serious bodily injury.  Reports from the scene

15   indicate that "Murcia had obvious bleeding wounds to the back of his head."  (ECF No. 18-1 at

16   40).  Another officer reported "I looked into the cell and observed Inmate Murcia … who was

17   bleeding from wounds to his head." (ECF No. 1 at 104).  Medical records from the Mercy

18   Hospital of Folsom confirm Murica's injuries.  (ECF NO. 1 at 55-61).

19       Furthermore petitioner has not met his burden of demonstrating that the Solano County

20   Superior Court's rejection of petitioner's insufficiency of evidence claim was contrary to, or

21   involved an unreasonable application of clearly established federal law as determined by the

22   Supreme Court of the United States or that the decision was based on an unreasonable

23   determination of the facts.  In finding that there was some evidence in the record to support the

24   finding that petitioner had committed battery causing serious bodily injury, the Superior Court

25   found "[I]nmate Murica and Petitioner were the only two people in their cell, and inmate Murica

26   had numerous injuries consistent with being in a fight."  "In reviewing disciplinary decisions,

27   courts do not exam (sic) the entire record, evaluate the credibility of witnesses, or reweigh the

28   evidence.  (Hill, supra, 472 U.S. at 455.)"

1    For all of the foregoing reasons, the court will recommend that petitioner's application for

2    a writ of habeas corpus be denied.

3    In accordance with the above, IT IS HERERBY RECOMMENDED that:

4    1. Petitioner's application for writ of habeas corpus be denied; and

5    2. This case be closed.

6    These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

11   may address whether a certificate of appealability should issue in the event he files an appeal of

12   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

13   court must issue or deny a certificate of appealability when it enters a final order adverse to the

14   applicant).  Any response to the objections shall be served and filed within fourteen days after

15   service of the objections.  The parties are advised that failure to file objections within the

16   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

17   F.2d 1153 (9th Cir. 1991).

18   Dated:  July 21, 2014

19   _____
     CAROLYN K. DELANEY
20   UNITED STATES MAGISTRATE JUDGE

21

22

23

24   1/KW
     rant2132.57(2)
25

26

27

28